UNITED STATES DISTRICT COURT　　　　　　　NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

FREDDIE HARRIS,

                Petitioner,　　　　　　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　　　07-CV-4276 (ERK)
   -against-

JUSTIN A. TAYLOR, Superintendent,
Gouverneur Correctional Facility,

                Respondent.
---------------------------------------------------------------x

KORMAN, United States District Judge:

    Petitioner, *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit.

    On October 25, 2004, petitioner challenged the same conviction by filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That petition was denied by Memorandum and Order dated May 19, 2005. See Harris v. Poole, 04-CV-4581 (ERK). On May 25, 2006, petitioner filed a second habeas petition pursuant to 28 U.S.C. § 2254 challenging the same conviction. On June 5, 2006, the petition was transferred to the Second Circuit as second or successive. See Harris v. Taylor, 06-CV-2718 (ERK).

    28 U.S.C. § 2244(b)(3)(A) provides:

[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

    Subsection C of the same statute directs:

> [t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

Therefore, petitioner must move in the United States Court of Appeals for the Second Circuit for permission to pursue this application. 28 U.S.C. § 2244(b)(3)(A). Any motion to the Circuit must show that the new claim being raised by the instant application relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, 28 U.S.C. § 2244(b)(2)(A); or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B)(i-ii).

In the interest of justice, the Court transfers this matter to the United States Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) (citing Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam)). This Order closes this case. If the Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen under this docket number.

SO ORDERED.

Dated: Brooklyn, New York
       November 16, 2007

*Edward R. Korman*
EDWARD R. KORMAN
Sr. United States District Judge